IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL SUSHEREBA, | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | Judge |
| | : | |
| UNION HOME MORTGAGE CORP., | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | : | |
| | : | |

# COMPLAINT

1. Plaintiff Paul Sushereba ("Mr. Sushereba" or "Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The TCPA was designed to prevent calls and text messages like the ones described within this Complaint and to protect the privacy of citizens like Mr. Sushereba.

3. In violation of the TCPA, Union Home Mortgage Corp. ("Union" or "Defendant") sent numerous unsolicited text messages to Mr. Sushereba's cellular telephone number using an automated dialing system.

4. Mr. Sushereba never consented to receive these messages and they were sent as unsolicited advertisements under 47 U.S.C. § 227(a)(5).

5. Upon information and belief, Defendant may have committed actions similar to those alleged herein to a large group of individuals.

14596271v2

6. It is believed that Defendant regularly sends unsolicited text messages to its employees (and former employees). Accordingly, Mr. Sushereba reserves the right to amend this Complaint to include class-related claims, which, under those circumstances, would be the best means of obtaining redress for the Defendant's wide scale practices. Doing so would be consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff Paul Sushereba is, and at all times relevant was, a resident of the state of Ohio.

8. Mr. Sushereba is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times relevant was, an Ohio corporation with its principal place of business in the state of Ohio.

10. Defendant is a "person," as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over these TCPA claims because the claims arise out of a violation of federal law. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"
>
> *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18. A text message is considered a "call" for the purposes of the TCPA and is therefore likewise prohibited under the guidelines of the Act. *Keating v. Peterson's Nelnet, LLC* (6th Cir. 2015) 615 Fed.Appx. 365, 37.

19. The TCPA requires that companies making calls have a written policy, available upon demand, related to its obligations under the Act.

20. Mr. Sushereba has requested a copy of Defendant's TCPA-related policy. Defendant has refused to comply and has not verified whether such a policy is even employed by Defendant.

## FACTUAL ALLEGATIONS

21. Defendant is a provider of mortgage lending services.

22. To promote itself and to engage its staff, Defendant partially relies on telemarketing for the distribution of marketing leads.

23. One of the telemarketing strategies used by Defendant involves the use of an automatic telephone dialing system ("ATDS") to text its employees concerning leads and sales prospects.

24. Mr. Sushereba is the owner of a cellular telephone number.

14596271v2

25. Defendant, or its agent acting on its behalf, has repeatedly placed automated text messages using an ATDS to Mr. Sushereba's cellular telephone number.

26. Prior to August 30, 2019, Mr. Sushereba was an employee of Union. He resigned at the end of August 2019. Union sent Mr. Sushereba dozens of unsolicited text messages, sent through an ATDS, even when he became a *former* employee of Union.

27. Between August 30 and October 30, 2019, Mr. Sushereba received multiple text messages from Defendant promoting its services and including information that provided private non-public consumer information, including personally identifiable information related to the terms of mortgage loans.

28. The information contained in the text messages sent by the Defendant included personally identifiable information regarding individuals interested in obtaining a mortgage loan and, therefore, additionally violated the Gramm-Leach-Bliley Act as it contained information that is not publically available. GRAMM–LEACH–BLILEY FINANCIAL MODERNIZATION ACT, PL 106–102, November 12, 1999, 113 Stat 1338.

29. Mr. Sushereba never consented to receiving such text messages.

30. Even if Mr. Sushereba were employed by the Defendant when he received some of the text messages, being an employee— present or past— does not create a right for an employer to engage in the communication practices complained of herein.

31. The TCPA does not provide any exception or immunity for employers to text or call its employees using ATDS or other systems prohibited under the TCPA, even if related to their employment.

14596271v2

32. Mr. Sushereba was harmed by these messages as they improperly invaded his privacy, temporarily deprived him of legitimate use of his phone, and, moreover, were frustrating, a nuisance, and a disturbance of his solitude.

## COUNT ONE
### Violation of the TCPA's Automated Texting Provisions

35. Mr. Sushereba incorporates the allegations from all previous paragraphs as if fully set forth herein.

36. The repeated actions of Defendant each constitute separate and distinct violations of the TCPA, 47 U.S.C. § 227, by Defendant using an ATDS to transmit numerous text messages to the cellular telephone number of Mr. Sushereba.

37. Defendant knowingly and willfully violated the law through its reckless conduct.

38. Defendant's text messages caused Mr. Sushereba actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance, disruption, data loss, and temporary loss of use of his cellular telephone.

39. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Mr. Sushereba is entitled to an award of $1500 in damages for each and every separate text message that was willfully or knowingly sent to his cellular telephone number using an ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Mr. Sushereba is also entitled to, and does seek, injunctive relief prohibiting Defendant from violating the TCPA, 47 U.S.C. § 227, by sending text messages or making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests the following relief:

    A.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    B.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    C.     An award to Plaintiff of damages, as allowed by law;

    D.     Attorney's fees and costs related to this action;

    E.     Leave to amend this Complaint if necessary; and

    F.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R.Civ.P. 38(b), Plaintiff, hereby demands a trial by jury in this action.

Respectfully submitted,

*/s/ David K. Stein*
David K. Stein   (0042290)
Drew H. Campbell (0047197)
BRICKER & ECKLER LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile:  614-227-2390
Email:  dstein@bricker.com
        dcampbell@bricker.com

*Counsel for Plaintiff, Paul Sushereba*

14596271v2